UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE BIEDRON,
    Plaintiff,
-vs.-

EVEREST RECEIVABLE SERVICES, INC.
a Delaware company,
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, ALICE BIEDRON, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendants, plead as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

1

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. The Defendant to this lawsuit is Everest Receivable Services, Inc., which, upon, information and belief, is a Delaware company that maintains registered offices in Oakland County.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Mrs. Biedron's sister-in law, Lisa Biedron.

6. Mrs. Biedron does not owe the alleged debt that Defendant is attempting to collect.

7. Mrs. Biedron's sister-in-law thinks that the debt is allegedly owed to Kay Jewelers.

8. On or about March 27, 2017, Defendant, through its representative named Brett, called Mrs. Biedron's cellular phone and asked to speak with her

husband. Mrs. Biedron found out that Defendant was calling about her sisiter-in-law. Defendant did not tell her about the alleged debt, but Mrs. Biedron and her husband recently went through a bankruptcy and she knows the routine. Mrs. Biedron told Defendant that she did not have any information for them and requested for them not to call her again.

9. On or about April 2, 2017, despite Mrs. Biedron's request to cease contact with her, Defendant called Mrs. Biedron's cellular phone again. During this conversation, Mrs. Biedron told Defendant that she already told them not to call her anymore and she asked it again no to contact her.

10. Shortly thereafter, Defendant called Mrs. Biedron for a third time; Mrs. Biedron reiterated that she told them to stop calling her. As she was trying to get Defendant off this line, Defendant halted her and said, "Just let me finish and get this yes or no answer. Is it true that everyone who knows Lisa loathes her?"

11. Mrs. Biedron has suffered damages, as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Mrs. Biedron is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692b(3) by communicating with Plaintiff more than once without begin requested to do so, and without a reasonable belief that Plaintiff's response to Defendant's earlier phone call(s) was erroneous, incomplete, and that Plaintiff had correct or complete information.

    b. 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this provision by contacting Plaintiff multiple times after Plaintiff told Defendant not to contact her;

17. Ms. Biedron has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

18. Plaintiff incorporates the preceding allegations by reference.
19. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
20. Mrs. Biedron is a debtor as that term is defined in M.C.L. § 339.901(f).
21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:
    a. MCL §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant violated this provision by contacting Plaintiff multiple times after Plaintiff told Defendant not to contact her; and
    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.
22. Mrs. Biedron has suffered damages as a result of these violations of the Michigan Occupational Code.
23. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

26. Mrs. Biedron is a "consumer" as that term is defined at MCL § 445.251.

27. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant violated this provision by contacting Plaintiff multiple times after Plaintiff told Defendant not to contact her; and

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

28. Mrs. Biedron has suffered damages as a result of these violations of the MCPA.

29. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

April 11, 2017      /s/ Gary Nitzkin
                    GARY D. NITZKIN (P41155)
                    TRAVIS SHACKELFORD P68710
                    CREDIT REPAIR LAWYERS OF AMERICA
                    Attorneys for Plaintiff
                    22142 West Nine Mile Road
                    Southfield, MI 48033
                    (248) 353-2882
                    Fax (248) 353-4840
                    gary@crlam.com
                    travis@crlam.com